UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKITA PROKOPEV,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE; GREGORY ARCHAMBEAULT; KRISTI NOEM; and PAMELA BONDI,<br><br>　　　　　　　　　Respondents. | Case No.: 25-cv-3441-JES-MSB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Nikita Propokev's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 5), Respondents filed a return. ECF No. 6. To date, Petitioner has not filed a traverse. After due consideration and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the petition.

### I.　　BACKGROUND

Petitioner is a native of the Russian Federation, and presented himself to the United States border on November 20, 2024, seeking admission. ECF No. 1 at 4. He was put into removal proceedings at that time. ECF No. 6-1. He was detained and transferred to Otay Mesa Detention Center, where he remains to date. ECF No. 1 at 4. While detained, Petitioner filed an asylum application and proceeded through the removal process. On June

2, 2025, an Immigration Judge ("IJ") denied his asylum application and entered an order of removal against him. ECF No. 6-2. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA") on June 23, 2025. ECF No. 1 at 5. The BIA denied his appeal on November 28, 2025. ECF No. 6-3.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Respondents argue that, with the BIA's denial of Petitioner's appeal, his removal order is now final as of November 28, 2025. ECF No. 6 at 1. Thus, Respondents argue that they are within their statutorily mandated 90-day period of detention provided by 8 U.S.C. § 1231(a), and Petitioner's challenge to his detention is premature. *Id.*

The Court agrees with Respondents. Petitioner proceeds pro se and at the time he mailed and signed his petition, on November 21, 2025, it appears the BIA's denial had not yet been issued. *See* ECF No. 1 at 8. However, the BIA's denial now changes the situation. Respondents submitted their return to the petition on December 15, 2025, and since then, the Court has not received a traverse or any other filing from Petitioner challenging the finality of the removal order. *See* ECF No. 6. Thus, at this time and with the information

in front of it, the Court finds that Petitioner's detention falls under 8 U.S.C. § 1231(a)(2) because there is now no pending case and a final order of removal against him. The BIA issued its decision on November 28, 2025, starting the 90-day removal period, which is currently still in effect. *See* 8 U.S.C. § 1231(a)(1)(A)-(B).

Accordingly, at this time, the Court must **DENY** Petitioner's petition. The denial, however, is **without prejudice** to Petitioner refiling should his situation change, for example, by his filing a further appeal that would move his removal proceeding back to pending or should he be subject to prolonged detention after this 90-day period expires, if Respondents are unable to successfully remove him during that time.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition **without prejudice**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 7, 2026

Honorable James E. Simmons Jr.
United States District Judge